UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JESSIE LOPEZ, on behalf of himself and all others similarly situated, and the general public,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WEST COAST ARBORISTS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | No. 2:23-cv-02734 WBS DB<br><br>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS |

----oo0oo----

　　　　Plaintiff Jessie Lopez brought this putative labor class action against his employer West Coast Arborists, Inc., a tree and landscape maintenance company, in Sacramento Superior Court.  Defendant removed to federal court.  Plaintiff alleges multiple violations of the California Labor Code, including (1) failure to provide meal periods, Cal. Lab. Code §§ 226.7, 512; (2) failure to provide rest periods, id. § 226.7; (3) failure to

1

1   pay hourly wages and overtime, id. §§ 223, 510; (4) failure to
2   provide accurate written wage statements, id. § 226; (5) failure
3   to timely pay all final wages, id. §§ 201-03; (6) failure to
4   indemnify, id. § 2802; and (7) unfair competition, Cal. Bus. &
5   Prof. Code § 17200.  (Compl. (Docket No. 1 at 13-35).)
6          Defendant moves to dismiss the action in its entirety.
7   (Docket No. 6.)  A hearing on the motion was held on January 22,
8   2024.  At that hearing, the court and the parties discussed the
9   submission of additional briefs.  Upon further reflection, the
10  court concludes that it would not be assisted by any additional
11  briefing on the issues raised by the motion, nor does the court
12  choose to consider any issues not raised by the parties (Docket
13  Nos. 6, 10, 14-16).  Because defense counsel emphasized at oral
14  argument that defendants are seeking neither to compel
15  arbitration nor to dismiss the action based on the collective
16  bargaining agreement's waiver of a judicial forum, and explicitly
17  represented that the only issue to be decided on this motion is
18  LMRA preemption, the court will decide the motion solely on that
19  ground.  The motion is accordingly taken under submission without
20  further need for oral argument.
21  I.   Judicial Notice
22         Though a court generally may not consider material
23  outside the complaint on a motion to dismiss, the court may look
24  beyond the pleadings at "matters of which a court may take
25  judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
26  551 U.S. 308, 322 (2007).  Under Federal Rule of Evidence 201, a
27  court may take judicial notice of an adjudicative fact that is
28  "not subject to reasonable dispute because it: (1) is generally

2

known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

Defendant requests that the court take judicial notice of the collective-bargaining agreement ("CBA") applicable to plaintiff.  Along with its notice of removal, defendant provided a declaration stating that plaintiff was subject to the CBA, along with multiple documents specifically referencing plaintiff's union membership.  (See Docket No. 1-2.)  Plaintiff argues that defendant has failed to make an initial showing that the CBA applies to plaintiff.  However, plaintiff does not dispute the veracity of defendant's declaration or supporting documentation, does not allege that plaintiff was not subject to the CBA, and does not dispute the accuracy of the copy of the CBA provided by defendant.

"It is often necessary to consider the contents of a CBA to decide a motion to dismiss based on an argument of complete preemption, which is considered an 'independent corollary to the well-pleaded complaint rule.'"  Patrick v. Nat'l Football League, No. 23-cv-1069 DMG SHK, 2023 WL 6162672, at *3 (C.D. Cal. Sept. 21, 2023) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)).  See also Hall v. Live Nation Worldwide, Inc., 146 F. Supp. 3d 1187, 1192-93 (C.D. Cal. 2015) (quoting Parrino v. FFIP, Inc., 146 F.3d 699, 704 (9th Cir. 1998)) (taking judicial notice of CBA "'because complete preemption often applies to complaints drawn to evade federal jurisdiction,'" and therefore "'the court may look beyond the face of the complaint to determine whether the claims alleged as

3

state law causes of action in fact are necessarily federal claims'") (alterations adopted).

The court therefore takes judicial notice of Exhibit 2 to defendant's Request for Judicial Notice (Docket No. 6-2 at 29-54) ("CBA")) and Exhibits 3-5 concerning subsequent wage increases under the CBA (Docket No. 6-2 at 55-65 ("Wage Increase Documents")).

The court also takes judicial notice of the State of California Department of Industrial Relations information page concerning the California minimum wage, located at https://www.dir.ca.gov/dlse/faq_minimumwage.htm ("Minimum Wage Webpage").  This document was retrieved from a State of California official website and is therefore a matter of public record not subject to reasonable dispute.  See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018); Gerritsen v. Warner Bros. Ent. Inc., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015).[1]

II. Discussion

Section 301 of the LMRA provides federal question jurisdiction over "suits for violation of contracts between an employer and a labor organization."  29 U.S.C. § 185(a).  "[T]he Supreme Court has interpreted [section 301] to compel the complete preemption of state law claims brought to enforce collective bargaining agreements."  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Avco Corp. v. Aero Lodge

---

[1] Notice of California minimum wage rates is necessary for resolution of the motion.  Defendant referenced the minimum wage rates but did not formally request judicial notice of them.

4

1  No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S.
2  557, 560 (1968)).

3  Whether a claim is preempted by the LMRA is a two-step
4  inquiry.  First, a court must determine whether the asserted
5  claim involves a right which "exists solely as a result of the
6  CBA" or "by virtue of state law."  Kobold v. Good Samaritan Reg'l
7  Med. Ctr., 832 F.3d 1024, 1032 (9th Cir. 2016) (internal
8  quotation marks omitted).  If the right exists solely because of
9  the CBA, then the state law claim is preempted.  Id.  If the
10 right exists independently of the CBA, then the court must move
11 to the second step, "asking whether the right is nevertheless
12 substantially dependent on analysis of a [CBA]."  Id. (internal
13 quotation marks omitted).  If it is, then the state law claim is
14 preempted.

15 "[T]he conclusion that § 301 precludes adjudication of
16 a state law claim in whole or part does not automatically require
17 dismissal of a union-represented employee's challenge of an
18 employer's actions."  Kobold, 832 F.3d at 1036.  However,
19 "[p]rior to bringing suit, an employee seeking to vindicate
20 personal rights under a collective bargaining agreement must
21 first attempt to exhaust any mandatory or exclusive grievance
22 procedures provided in the agreement."  Soremekun v. Thrifty
23 Payless, Inc., 509 F.3d 978, 985-86 (9th Cir. 2007).  Therefore,
24 once a state law claim has been found preempted, "that claim must
25 either be [1] treated as a § 301 claim, or [2] dismissed" if the
26 employee failed to exhaust the CBA's "mandatory grievance
27 procedure" and there is no applicable exception to the exhaustion
28 requirement.  See Kobold, 832 F.3d at 1034, 1036, 1041.

The court will first address whether each claim is preempted, then consider whether the exhaustion requirement is satisfied. If a claim is preempted and has not been exhausted, it will be dismissed unless plaintiff demonstrates that he is excused from exhausting the CBA's remedies. See id.

A. Third Claim[2]

Plaintiff's third claim alleges that defendant failed to pay overtime wages in violation of California Labor Code § 510 and minimum wages in violation of California Labor Code § 223. Defendant argues that the overtime claim, but not the minimum wage claim, is preempted. (See Reply (Docket No. 14) at 4 ("Defendant does not contend that the claim for unpaid minimum wages is preempted by the LMRA.").

Section 510 provides that the "requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to . . . [a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514." Cal. Lab. Code § 510(a)(2). Section 514 states that "[s]ections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Id. § 514. "By

---

[2] The court begins with the third claim because it involves discussion of the Curtis case, which provides a helpful foundation for analysis of the other claims.

its terms, therefore . . . section 510 does not apply to an employee who is subject to a qualifying CBA." Curtis v. Irwin Indus., Inc., 913 F.3d 1146, 1153-54 (9th Cir. 2019).

As explained by the Ninth Circuit in Curtis, if the applicable CBA "meet[s] the requirements of section 514, [the employee's] right to overtime exists solely as a result of the CBA, and therefore is preempted under § 301." Id. at 1154 (internal quotation marks omitted). The CBA here plainly meets these requirements, which plaintiff does not appear to dispute. (See CBA Art. 12-16 (providing wage and hour policies, descriptions of job duties and various working conditions, overtime premiums for all employees, and a 2019 starting minimum wage rate ranging from $17.10 to $25.10); Wage Increase Documents (providing for annual wage increases of $0.80 or more); Minimum Wage Webpage (stating that California's minimum wage for employers with 26 employees or more was $12 in 2019 and increased to $15.50 by 2023).)

Accordingly, the court concludes that plaintiff's third claim, only insofar as it is brought under § 510, is completely preempted by the LMRA. See Curtis, 913 F.3d at 1154. The court does not address whether the third claim as brought under § 223 is preempted, as defendant does not argue that it is.

B. First Claim

Plaintiff's first claim alleges that defendant failed to provide meal periods in violation of California Labor Code §§ 512 and 226.7.

Section 512's protections do not extend to certain employees, including those in construction occupations, who are

covered by a valid collective bargaining agreement that "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate."  See Cal. Lab. Code § 512(e)-(f).

Defendant states that plaintiff was engaged in a construction occupation, which plaintiff does not appear to dispute.  See Cal. Bus. & Prof. Code § 7026.1(a)(4) (an individual who "performs tree removal, tree pruning, stump removal, or engages in tree or limb cabling or guying" qualifies as a construction contractor).  The CBA here plainly meets the requirements to qualify for section 512's exception, which plaintiff also does not appear to dispute.  (See CBA Art. 12-16 (providing wage and hour policies, descriptions of job duties and various working conditions, overtime premiums for all employees, meal periods for all employees, final and binding arbitration of disputes concerning application of meal period provisions, and a 2019 starting minimum wage rate ranging from $17.10 to $25.10); Wage Increase Documents (providing for annual wage increases of $0.80 or more); Minimum Wage Webpage (stating that California's minimum wage for employers with 26 employees or more was $12 in 2019 and increased to $15.50 by 2023).)  Plaintiff is therefore exempt from section 512.  See Cal. Lab. Code § 512(e)-(f).

As discussed above, the Ninth Circuit in Curtis held that because section 514 excludes employees who are subject to a

qualifying CBA from the protections of section 510, claims under section 510 are completely preempted when there is a qualifying CBA. See 913 F.3d 1154. Curtis did not address whether claims subject to section 512's CBA exception are completely preempted. However, "both sections 512 and 514 have nearly identical exemptions that make the rights they confer negotiable." Radcliff v. San Diego Gas & Elec. Co., 519 F. Supp. 3d 743, 751–52 (S.D. Cal. 2021). The court therefore "sees no reason why Curtis should not be extended to preempt meal period claims made by an employee who falls within the exemption set forth in section 512(e)." See id.

In line with this conclusion, the Ninth Circuit has extended Curtis's logic to section 512's CBA exemption in an unpublished memorandum decision. See Marquez v. Toll Glob. Forwarding, 804 F. App'x 679, 680 (9th Cir. 2020). Multiple district courts have similarly applied Curtis to section 512. See, e.g., Radcliff, 519 F. Supp. 3d at 751-52; Rodriguez v. USF Reddaway Inc., No. 2:22-cv-00210 TLN DB, 2022 WL 18012518, at *4 (E.D. Cal. Dec. 30, 2022); Jimenez v. Young's Mkt. Co., LLC, No. 21-cv-02410 EMC, 2021 WL 5999082, at *11 (N.D. Cal. Dec. 20, 2021); Schwanke v. Minim Prods., Inc., No. 2:21-cv-00111 SVW JPR, 2021 WL 4924772, at *2 (C.D. Cal. May 24, 2021); Blackwell v. Com. Refrigeration Specialists, Inc., No. 2:20-cv-01968 KJM CKD, 2021 WL 2634501, at *5 (E.D. Cal. June 25, 2021); Parker v. Cherne Contracting Corp., No. 18-CV-01912-HSG, 2019 WL 359989, at *4 (N.D. Cal. Jan. 29, 2019). The court agrees with this line of cases and therefore concludes that plaintiff's first claim as brought under section 512 is completely preempted by the LMRA.

Plaintiff also asserts his meal period claim under section 226.7, which "shall not apply to an employee who is exempt from meal or rest or recovery period requirements pursuant to other state laws, including, but not limited to, a statute or regulation, standard, or order of the Industrial Welfare Commission." See Cal. Lab. Code § 226.7(e). Because the underlying statute providing for meal periods, section 512, does not apply to plaintiff, section 226.7 likewise does not apply. See id. Thus, for the same reasons provided in Curtis, and as several district courts have similarly concluded, the claim as brought under section 226.7 is completely preempted as well. See, e.g., Plagakis v. Outsource Util. Contractor Corp., No. 1:23-cv-00798 CDB, 2023 WL 8602161, at *5 (E.D. Cal. Dec. 12, 2023) ("[e]xemptions under Labor Code § 512(e)(2) and § 226.7 operate in a similar manner to section 514 as discussed in Curtis" in that "where the exclusions operate, any right an employee . . . may have to the associated benefits would arise under the CBA, and, thus, fail the first prong of the [preemption] test"); Giles v. Canus Corp., No. 22-cv-03097-MMC, 2022 WL 3370793, at *5 (N.D. Cal. Aug. 16, 2022) ("where an employee is exempt under section 512, such employee likewise is exempt under section 226.7," and their claim under section 226.7 is therefore preempted); Jones v. Sysco Ventura Inc., No. 2:21-cv-04116 SVW AGR, 2021 WL 6104193, at *8 n.9 (C.D. Cal. Sept. 1, 2021) (§ 226.7 "does not apply to employees who are exempt from meal period requirements under other state laws, which would include the § 512(e) exemption," and therefore plaintiff's claim under § 226.7 is preempted due to the applicability of the §

1  512(e) exemption); Jimenez, 2021 WL 5999082, at *11; Schwanke,
2  2021 WL 4924772, at *6.
3         The court therefore concludes that plaintiff's first
4  claim for meal periods is completely preempted by the LMRA.
5     C.   Second Claim
6         Plaintiff's second claim alleges that defendant failed
7  to provide rest periods in violation of California Labor Code §
8  226.7, which provides that "[a]n employer shall not require an
9  employee to work during a meal or rest or recovery period
10 mandated pursuant to an applicable statute, or applicable
11 regulation, standard, or order of the Industrial Welfare
12 Commission . . . ."  Cal. Lab. Code § 226.7(b) (emphasis added).
13 As stated above, this section "shall not apply to an employee who
14 is exempt from meal or rest or recovery period requirements
15 pursuant to other state laws, including . . . [an] order of the
16 Industrial Welfare Commission."  See id. § 226.7(e).
17        Defendant states that California Industrial Welfare
18 Commission Wage Order 16-2001, which covers construction
19 occupations, applies to plaintiff because he was engaged in a
20 construction occupation.  Plaintiff does not appear to dispute
21 that he was in a construction occupation or that this Wage Order
22 applies.
23        The Wage Order provides, in relevant part, that "rest
24 periods shall be in employer designated areas and shall be ten
25 (10) minutes per every four (4) hours or a major fraction
26 thereof."  8 Cal. Code Regs. § 11160.11(A).  "If an employer
27 fails to provide an employee a rest period in accordance with the
28 applicable provisions of this Order, the employer shall pay the

employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not provided." Id. § 11160.11(D).

The rest provisions of the Wage Order "shall not apply to any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection." Id. § 11160(11)(E).

The CBA here provides equivalent protection to the Wage Order. (See CBA Art. 12(D)(1) (providing rest periods of ten minutes per every four hours); id. Art. 12(D)(4) (providing for one hour's worth of pay when an employer fails to provide a rest period as required by the CBA).) Plaintiff is therefore exempt from the applicable Wage Order. See 8 Cal. Code Regs. § 11160.11(E).

Because the underlying Wage Order providing for rest periods does not apply to plaintiff, section 226.7 likewise does not apply. See Cal. Lab. Code § 226.7(e). Thus, for the same reasons provided in Curtis, and as several district courts have similarly concluded, plaintiff's second claim for rest periods under section 226.7 is completely preempted by the LMRA due to the applicability of the Wage Order's CBA exemption. See, e.g., Rodriguez v. Gonsalves & Santucci, Inc., No. 21-cv-07874-LB, 2022 WL 161892, at *4 (N.D. Cal. Jan. 18, 2022) ("The wage provisions in the CBA are nearly identical to those in [Wage Order 16]. Thus, the plaintiff's right to rest periods is conveyed solely by the CBA."); Parker, 2019 WL 359989, at *4 (where CBA satisfied the conditions of Wage Order 16, claim under section 226.7 based on Wage Order was preempted); cf. Mendoza v. W. Water Features,

Inc., No. 2:23-cv-01923 KJM JDP, 2023 WL 8477962, at *4 (E.D. Cal. Dec. 7, 2023) (because CBA did not provide equivalent protections to Wage Order 16, the Wage Order applied to plaintiff and therefore the claim under section 226.7 relying upon the Wage Order was not preempted); Sykes v. F.D. Thomas, Inc., No. 20-cv-03616-VC, 2021 WL 343960, at *2 (N.D. Cal. Feb. 2, 2021) (same).

The court therefore concludes that plaintiff's second claim for rest periods is completely preempted by the LMRA.

### D. Sixth Claim

Plaintiff's sixth claim alleges that defendant failed to indemnify the expenses associated with employee uniforms, in violation of California Labor Code § 2802.

The court first examines whether the claim involves a right which "exists solely as a result of the CBA" or "by virtue of state law." See Kobold, 832 F.3d at 1032. For the first step of the preemption inquiry, "a court must focus its inquiry on the *legal* character of a claim . . . and not whether a grievance [under the CBA] arising from precisely the same set of facts could be pursued." Id. at 1033 (quoting Caterpillar, 482 U.S. at 394) (emphasis in original). "Only if the claim is 'founded directly on rights created by a collective-bargaining agreement' does § 301 preempt it." Id. (quoting Livadas v. Bradshaw, 512 U.S. 107, 123 (1994)).

The sixth claim is based on plaintiff's rights under the California Labor Code. Specifically, the sixth claim alleges that defendant failed to indemnify expenses in violation of California Labor Code § 216. This claim clearly does not arise directly from the CBA, but rather from the California Labor Code.

13

And "'the mere existence of a CBA does not compel preemption of plaintiff's state law . . . claims.'" See McGinty v. Holt of Cal., No. 2:22-cv-00865 WBS AC, 2022 WL 3226130, at *2 (E.D. Cal. Aug. 10, 2022) (quoting Miller v. Bimbo Bakeries USA, Inc., No. 11-cv-00378 WHA, 2011 WL 1362171, at *3 (N.D. Cal. Apr. 11, 2011)) (alterations adopted). The court therefore turns to the second step of the inquiry.

"[T]o determine whether a state [statutory claim] is 'substantially dependent' on the terms of a CBA" under the second step of the test, a court must "decide whether the claim can be resolved by looking to versus interpreting the CBA." Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1060 (9th Cir. 2007). A state statutory claim that requires "interpreting" a CBA is said to be "substantially dependent" on the CBA, and thus preempted by LMRA section 301. Id. A state statutory claim that merely requires "looking to" a CBA, on the other hand, is said not to be "substantially dependent" on the CBA, and thus is not preempted by the LMRA. Id. "At this second step of the analysis, claims are only preempted to the extent there is an active dispute over the meaning of contract terms." Curtis, 913 F.3d at 1153 (internal quotation marks omitted).

Defendant does not detail what interpretation of -- rather than mere reference to -- the CBA would be required to resolve the sixth claim. Rather, defendant merely points out that the CBA has a provision requiring it to pay for employee uniforms. There is no indication that there are any "questions about the scope, meaning, or application of" any contract term. See Livadas, 512 U.S. at 125.

1        The court therefore concludes that plaintiff's sixth
2   claim is not preempted by the LMRA.  See Corral-Bey v. Fluor
3   Flatiron Balfour Beatty Dragados DBJV, No. 2:22-cv-06903 MEM
4   FPVC, 2023 WL 6129480, at *5-8 (C.D. Cal. Sept. 18, 2023) (claim
5   under § 2802 not preempted where defendant did not show that the
6   claim required interpreting, rather than merely looking to, terms
7   of CBA).

8        E.   Fourth, Fifth, & Seventh Claims

9        The fourth claim for inaccurate wage statements under
10  California Labor Code § 226 and the fifth claim for failure to
11  timely pay all final wages under California Labor Code §§ 201-203
12  are derivative of, inter alia, the third claim for failure to
13  provide minimum wages.  (See Compl. ¶ 84.)  Because the court
14  does not find that the third claim for minimum wages is
15  preempted, the derivative fourth and fifth claims are likewise
16  not preempted insofar as they are founded upon that violation.
17  See Plagakis, 2023 WL 8602161, at *7 ("where a court finds a
18  claim preempted by section 301 of the LMRA . . . derivative state
19  law claims likewise would be . . . preempted to the same extent
20  for the same reason").

21       The seventh claim for unfair competition under
22  California Business & Professions Code § 17200 is derivative of,
23  inter alia, the third and sixth claims.  (See Compl. ¶ 107.)
24  Because the third claim for minimum wages and sixth claim for
25  failure to indemnify are not preempted, the seventh claim is not
26  preempted insofar as it is founded upon those violations.  See
27  Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.
28  4th 163 (1999) (section 17200 "borrows violations of other laws

and treats them as unlawful practices that the unfair competition law makes independently actionable"); Plagakis, 2023 WL 8602161, at *7.

F.  Exhaustion Requirement

As stated above, a claim preempted by section 301 of the LMRA should be dismissed if brought by an employee who failed to exhaust the applicable CBA's mandatory grievance procedure, unless the employee can show that they are excused from exhausting the CBA's remedies. See Kobold, 832 F.3d at 1034, 1036, 1041.

Here, the CBA provides for mandatory arbitration of all claims under the CBA. (See CBA Art. 7(A)-(B) ("The grievance and arbitration procedures set forth in this Agreement shall be the exclusive means for the disposition of all grievances . . . concerning the interpretation, application or violation of any provision of this Agreement.").)

Article 7 of the CBA requires that grievances "concerning the interpretation, application or violation" of the CBA be filed within fifteen days. (CBA Art. 7(B)-(C).) Plaintiff argues that this limitation is unconscionable and unenforceable because it "effectively shorten[s] the statute [of] limitations from three years to 15 days," and is therefore unconscionable under California law. (Opp'n at 7.) However, "it is firmly established that federal substantive law[, not California law,] governs the validity and enforcement of contracts under the LMRA," including "arbitration provisions." See Dryer v. Los Angeles Rams, 40 Cal. 3d 406, 411 (1985) (declining to undertake unconscionability analysis under

16

California law with respect to the "fairness of the arbitration machinery"); see also Cramer v. Consol. Freightways Inc., 255 F.3d 683, 689 (9th Cir. 2001), as amended (Aug. 27, 2001) ("federal common law preempts the use of state contract law in CBA interpretation and enforcement").  Courts analyzing the fairness of arbitration provisions in CBAs "may look to state law for guidance, but only if it effectuates the policies underlying federal labor legislation."  Dryer, 40 Cal. 3d at 411.

Even assuming arguendo that state law contract defenses are applicable here, California law requires that both "procedural" and "substantive" unconscionability be established in order to find a contract provision unconscionable.  See Armendariz v. Found. Health Psychcare Servs., 24 Cal. 4th 83, 114 (2000).  "A procedural unconscionability analysis begins with an inquiry into whether the contract is one of adhesion."  Id. at 126.  "A substantive unconscionability analysis examines the fairness of a contract's terms."  Id. at 129.  Plaintiff's argument addresses the substantive fairness of the CBA.  However, plaintiff made no argument and provides no allegations concerning the agreement's procedural unfairness.  To the contrary, the Ninth Circuit has held that in the context of CBAs, "[w]hen the parties have agreed upon a particular method of dispute resolution, it should generally be presumed fair," see Sheet Metal Workers Int'l Ass'n, Loc. No. 162 v. Jason Mfg., Inc., 900 F.2d 1392, 1398 (9th Cir. 1990), because "parties to a collective bargaining agreement are conclusively presumed to have equal bargaining strength," Waggoner v. Dallaire, 649 F.2d 1362, 1367 (9th Cir. 1981).  Plaintiff's failure to address procedural

17

1   unconscionability alone warrants rejection of his argument that
2   the grievance procedures are unconscionable.
3          There are several established exceptions to the LMRA's
4   exhaustion requirement.  See Glover v. St. Louis-San Francisco
5   Ry. Co., 393 U.S. 324, 330 (1969).  However, plaintiff has not
6   raised any of them here.
7          Because plaintiff has not pled that he exhausted the
8   CBA's grievance procedures, the court will dismiss the first and
9   second claims in their entirety, and the third claim only insofar
10  as it seeks overtime wages under § 510, which are completely
11  preempted by the LMRA.  The court will not dismiss plaintiff's
12  other claims, which are not preempted.
13         IT IS THEREFORE ORDERED that defendant's motion to
14  dismiss (Docket No. 6) be, and the same hereby is, GRANTED IN
15  PART as to plaintiff's first claim for meal periods pursuant to
16  Cal. Lab. Code §§ 226.7, 512; second claim for rest periods
17  pursuant to Cal. Lab. Code § 226.7; and third claim only insofar
18  as it seeks overtime wages pursuant to Cal. Lab. Code § 510,
19  which are hereby DISMISSED.  The motion is DENIED in all other
20  respects.
21         Plaintiff is given twenty days from the date of this
22  Order to file an amended complaint if he can do so consistent
23  with this Order.
24  Dated:  February 1, 2024            WILLIAM B. SHUBB
                                        UNITED STATES DISTRICT JUDGE