UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JESSIE LOPEZ, on behalf of himself and all others similarly situated, and the general public,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WEST COAST ARBORISTS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | No. 2:23-cv-02734 WBS DB<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND |

----oo0oo----

Plaintiff Jessie Lopez brought this putative labor class action alleging violations of the California Labor Code by his employer West Coast Arborists, Inc. in Sacramento Superior Court.  Defendant removed to federal court.  (Docket No. 1.)  Plaintiff moves to remand.  (Docket No. 23.)  Defendant moves to dismiss.  (Docket No. 20.)[1]

---

[1]　　The motion is decided on the papers without oral argument pursuant to Local Rule 230(g).

1

           The court previously held that certain of plaintiff's claims were completely preempted by the Labor Management Relations Act ("LMRA").  (See Docket No. 18.)  Defendants therefore properly removed the action based on federal question jurisdiction.  See Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000) (a state law claim completely preempted by section 301 of the LMRA "is considered, from its inception, a federal claim" arising under section 301).

           The court's prior order dismissed plaintiff's federally preempted claims and granted plaintiff leave to amend.  (See Docket No. 18.)  Plaintiff filed an amended complaint in compliance with the court's order, which did not re-plead any of the dismissed federally preempted claims.  (See Docket No. 19.)  The court therefore no longer has federal question jurisdiction, as only state claims remain.  See Balcorta, 208 F.3d at 1107; Chatman v. WeDriveU, Inc., No. 3:22-cv-04849 WHO, 2022 WL 15654244, at *13 (N.D. Cal. Oct. 28, 2022) (in case alleging violations of Labor Code, court concluded that only state law claims remained after dismissing claims preempted by LMRA).

           Federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A district court "may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction."  Id. at § 1367(c)(3).

           "The decision whether to continue to exercise

1 supplemental jurisdiction over state law claims after all federal
2 claims have been dismissed lies within the district court's
3 discretion."  Foster v. Wilson, 504 F.3d 1046, 1051 (9th Cir.
4 2007).  "[W]hen the federal-law claims have dropped out of the
5 lawsuit in its early stages and only state-law claims remain,"
6 then the factors to be considered -- judicial economy,
7 convenience, fairness, and comity -- "indicate[] that [the] case
8 properly belongs in state court."  See Carnegie-Mellon Univ. v.
9 Cohill, 484 U.S. 343, 350 (1988), superseded on other grounds by
10 28 U.S.C. § 1367.

11        Here, the case is only at the motion to dismiss stage
12 and the court has not yet issued a scheduling order.  Remanding
13 the case to state court is therefore appropriate.  See id.; Parra
14 v. PacifiCare of Arizona, Inc., 715 F.3d 1146, 1156 (9th Cir.
15 2013) (where court had "dismissed the only claim over which it
16 had original jurisdiction" and case was "at an early stage of the
17 litigation," court did not abuse discretion in dismissing
18 remaining state claims under § 1367(c)); Chatman, 2022 WL
19 15654244, at *13 (remanding case pursuant to § 1367(c) following
20 dismissal of claims preempted by LMRA).

21        IT IS THEREFORE ORDERED that plaintiff's motion to
22 remand (Docket No. 23) be, and the same hereby is, GRANTED.  This
23 case is hereby REMANDED to the Superior Court of the State of
24 California, in and for the County of Sacramento.[2]

25 Dated:  March 12, 2024

                                WILLIAM B. SHUBB
                                UNITED STATES DISTRICT JUDGE

---

[2]   Because the court remands the case, it need not address defendant's motion to dismiss.